By the Court.—Jones, J.
In support of his claim for a reversal of the judgment, the appellant’s counsel lays down two propositions :
1. That if the plaintiff’s non-performance was excused by sickness, he was entitled to recover the full amount of seven hundred and eighty-six dollars and sixty-seven cents, without any reduction.
2. That if said non-performance was not so excused, then'he was not entitled to recover anything.
And as a result from these propositions, he claims that the verdict being for five hundred and seventy-four dollars and twenty-three cents only, is, in any aspect of the case, erroneous, and should not be permitted to stand.
Conceding, for the purposes of the argument, that the first proposition is correct, still the defendant cannot complain because the plaintiff did not recover against him as large a verdict as he was entitled to, unless the amount of the verdict shows that the jury, in determining the case, either wholly disregarded the evidence or misapprehended its effect, or overlooked *122 some important fact, or must have necessarily found some fact in favor of defendant which is wholly inconsistent with a verdict for any amount in favor of plaintiff.
Appellant’s counsel claims, that the amount of the verdict in question shows that the jury found that the plaintiff was, in some degree, in fault, either in ceasing to render service or in delaying to return to it, and for that reason refused to return a verdict for the full amount; and on this, claims that such finding is inconsistent with a verdict for plaintiff.
Were it not for the judge’s charge, there might be some force in the agreement; but it is not necessary to stop to consider what force it might then have had, since the charge refutes the argument.
The judge charged the jury, that if the plaintiff became unable, by reason of his sickness, to perform his part of the contract, and such inability continued during the time he kept himself absent from defendant’s service, then he was entitled to compensation for the time during which he did serve, pro rata, according to the rate provided for by the contract; but he also charged that if, as a direct result of plaintiff’s failure to perform, defendant sustained damages, then the defendant was entitled to counter-claim those damages against the sum to which plaintiff was entitled as compensation for the services by him actually rendered; and this, although said failure to perform was the result of inability caused by sickness.
The defendant had given evidence tending to show that he had sustained damage by plaintiff’s failure to perform, and by his answer he had claimed to counterclaim those damages.
Under the charge, then, the jury, if they found that defendant had sustained said damages, were bound to deduct the amount thereof from the compensation which would be due the plaintiff in case they found *123 that his failure to perform was caused by sickness ; and the charge clearly intimated to the jury that there was sufficient evidence upon which they might find that defendant had suffered damages which were deductable from plaintiff’s compensation.
The deduction made by the jury may well have been made, in conformity with a part of the charge, for damages sustained by the defendant, by reason of plaintiff’s failure to perform, which failure was the result of his sickness.
As the reduction may thus be ascribed, the court is not at liberty to say that it was on a ground which, according to other parts of the charge, would call for a verdict for defendant.
It is said, that so much of the charge as instructed the jury that, even if they found that the failure to perform was caused by sickness, yet that they should deduct from the compensation for services actually rendered, such damages, sustained by the defendant, as were the direct result of the failure to perform, was erroneous ; and as I understand it is claimed from this, that the deduction cannot be ascribed to action by the jury, under such erroneous direction.
Conceding-it to be error, still the result claimed does • not follow. The jury were bound to receive it as a correct exposition of the law, and were entitled, in their deliberations and verdict, to act upon it as such. We cannot say they did hot.
The error of law, if it be one, has in nowise prejudiced the defendant; he cannot, therefore, complain of it.
Defendant makes no claim that the jury did not allow all that he was justly entitled to for damages, and plaintiff does not complain that they allowed too much. The questions whether the charge that an allowance could be made, was correct, and if correct, whether the *124 jury properly adjusted the amount of damages according to the evidence and charge, are not presented.
There appears to be no error in the verdict and judgment which has prejudiced the defendant. The judgment, therefore, should be affirmed, with costs.